IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-0320-N |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff, David Williams's motion to remand [7]. For the reasons stated below, the Court grants the motion and remands this case to the 116th District Court in Dallas County, Texas.

### I. REMOVAL TO FEDERAL COURT

This case involves a dispute over insurance benefits allegedly due under a homeowner's insurance policy. Williams originally filed suit in state court to recover damages and benefits from its insurer, Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), and the insurance adjuster assigned to investigate and adjust Williams's claim, Defendant Murray McKay ("McKay"). Williams asserted claims against Allstate for breach of contract, breach of good faith and fair dealing, and for violations of the Texas Insurance Code. As to McKay, Williams asserted claims for violations of the Texas Insurance Code. Allstate then timely removed the case to this Court based on diversity of

citizenship, alleging that McKay's Texas citizenship should be disregarded because he was improperly joined as a party in this case. Williams subsequently filed a motion to remand arguing that because McKay, a nondiverse defendant, is properly joined, the Court lacks subject matter jurisdiction over this action.

## II. STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if he establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. 28 U.S.C. § 1441(b). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As a general matter, a federal court must remand a removed case where, as here, one of the defendants "is a citizen of the State in which [the] action is brought," thereby destroying diversity. *Id.* at § 1441(b). Such a case may remain in federal court, however, if the defendant shows the plaintiff improperly joined the nondiverse party to defeat diversity jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en

banc). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Where the defendant alleges the latter, he must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

In determining whether a plaintiff has a reasonable basis of recovery, the Court conducts a rule 12(b)(6)-type analysis to determine whether the plaintiff has failed to state a claim against the nondiverse defendant under state law. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573)). The Fifth Circuit has held that the federal pleading standard, rather than the state pleading standard, applies when conducting a rule 12(b)(6)-type analysis in the improper joinder context. *Id*. at 208. But the focus of the inquiry remains on the joinder, not the merits of the plaintiff's case. *Id*. at 200.

### III. PLAINTIFF PROPERLY JOINED MCKAY

Allstate admits that an insured may have a valid cause of action against an insurance adjuster like McKay. Moreover, the Fifth Circuit has held that the Texas Insurance Code authorizes actions against insurance adjusters in their individual capacities, even where the employer is also liable for the adjuster's actions. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). McKay therefore may be individually liable for violating the Texas Insurance Code. Allstate argues, however, that Williams fails to plead sufficient facts

showing a plausible right to relief against McKay for violations of the Texas Insurance Code. The Court disagrees.

### A. *Rule 12(b)(6) Standard*

Rule 12(b)(6) permits a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When addressing a rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint, however, need not contain "detailed factual allegations." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### B. *Williams States a Plausible Claim Against McKay*

The parties do not dispute that the jurisdictional amount in controversy is met or that Williams and McKay are Texas citizens. Instead, Allstate alleges that McKay is improperly

joined because Williams's claims against McKay are deficient under the federal pleading standard, and there is thus no basis for the Court to predict that Williams might be able to recover against McKay.

Williams brought claims against McKay for unfair settlement practices. TEX. INS. CODE ANN. §§ 541.060 and 542.003(b)(3). Williams alleges in his Original Petition that McKay was tasked with conducting a reasonable investigation, but ignored covered damages, including damage to Williams's house, wood shakes, sheathing, aluminum shakes, roof vents, gutters, and downspouts, as well exterior damage to window screens and window glaze. Not. of Removal, Ex. A, Orig. Pet. at 9 [1-1]. Williams also claims that McKay prepared an estimate on June 10, 2017, which "under-scoped the actual covered damages to the property." *Id*. McKay's written comments on photographs taken during the inspection indicated that he found hail damage to the metal shingles, left roof elevation, and vents, but did not include such damages in his estimate. *Id*. at 9–10. Williams alleges that such actions constitute a clear failure to properly inspect and prepare an accurate report, leading Allstate to issue an inadequate loss payment to Williams. Moreover, Williams alleges that McKay ignored Williams's inquiries regarding the loss payment. *Id*. Taking all inferences in Williams's favor, the Court holds such allegations state a plausible claim against McKay for violations of the Texas Insurance Code.

Allstate additionally argues that the claims against McKay should be dismissed because it filed an election of legal responsibility pursuant to Texas Insurance Code § 542A.006. Section 542A.006(c) requires the Court to dismiss claims against an insurance

adjuster when the insurer makes an election of legal responsibility. And while Allstate does not explicitly state this, it appears that Allstate is arguing that because its election under section 542A.006 precludes Williams from recovering against McKay, he is an improperly joined party. Most district courts in Texas agree that when an insurer files an election of responsibility *after* the plaintiff commences suit in state court, there is no improper joinder based on section 542A.006.[1] As stated above, the focus of the rule 12(b)(6)-type analysis remains on the joinder, not the merits of the plaintiff's case. At the time of joinder, Allstate had not made an election of legal responsibility. Williams's claims were therefore viable when McKay was joined in the suit. Accordingly, the Court holds that McKay is not an improperly joined party and thus grants Williams's motion to remand.

It is, therefore, ordered that this action is remanded to the 116th Judicial District Court of the State of Texas, in Dallas County, Texas.

---

[1] *See, e.g.*, *Yarco Trading Co. v. United Fire & Cas. Co.*, 2019 WL 3024792 (S.D. Tex. July 11, 2019); *Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, 2019 WL 2183792 (W.D. Tex. May 21, 2019); *Trentin v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 2374163, at *1 (N.D. Tex. May 14, 2019), report and recommendation adopted, 2019 WL 2372943 (N.D. Tex. June 5, 2019); *Fortress Iron, LP v. Travelers Indem. Co.*, 2019 WL 2374834, at *4 (N.D. Tex. May 14, 2019), report and recommendation adopted, 2019 WL 2372910 (N.D. Tex. June 5, 2019); *River of Life Assembly of God v. Church Mut. Ins. Co.*, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019).

Signed July 23, 2019.

_David C. Godbey_
David C. Godbey
United States District Judge